IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA RIVERA | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-4894 |
| | : | |
| MICHAEL J. ASTRUE,[1] | : | |
| Commissioner of Social Security | : | |

## MEMORANDUM

LOWELL A. REED, Jr., Sr. J                                                                              AUGUST 22, 2007

      Before the court for consideration is plaintiff's brief and statement of issues in support of request for review (Doc. No. 8) and the response and reply thereto (Docs. No. 9; 11). The court makes the following findings and conclusions:

      1.     On February 4, 2005, Maria Rivera ("Rivera") protectively filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of October 12, 2004. (Tr. 51-53; 176-79). Throughout the administrative process, including an administrative hearing held on February 14, 2006, before an administrative law judge ("ALJ"), Rivera's claims were denied. (Tr. 7-10; 16-24; 25; 26-29; 180; 181-84). Pursuant to 42 U.S.C. § 405(g), Rivera filed her complaint in this court on November 7, 2006.

      2.     In his decision, the ALJ concluded that Rivera's benign neooplasm of the brain was a severe impairment. (Tr. 21 ¶ 2; 23 Finding 3).[2] Ultimately, the ALJ concluded that Rivera's impairment did not meet or equal a listing, that she had the residual functional capacity ("RFC") to perform her past relevant work, and that she was not disabled. (Tr. 21 ¶ 2; 23 ¶¶ 1-2; 23 Findings 4, 6, 7, 8; 24 Finding 9).

      3.     The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue has been substituted for former Commissioner Jo Anne Barnhart as the defendant in this lawsuit.

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

    4. Rivera raises five arguments in which she alleges that the determinations by the ALJ were either not supported by substantial evidence or were legally erroneous. Because the ALJ did not apply the proper legal standards, I must remand to allow the Commissioner to conduct the proper analysis.

    A. Rivera complains that the ALJ failed to fully develop the record and fulfill his heightened duty to an unrepresented claimant by not eliciting adequate testimony from Rivera at the hearing and failing to obtain all of the relevant medical records of River's psychological treatment. When a claimant is unrepresented by counsel at an administrative hearing, the ALJ owes a duty to help the claimant develop the administrative record with special care. Early v. Heckler, 743 F.2d 1002, 1008 (3d Cir. 1984) (citing Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)). In other words, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." Reefer v. Barnhart, 326 F.3d 376, 379-380 (3d Cir. 2003) (citations omitted) (remanding when the ALJ failed to further investigate an impairment elicited at the hearing but which was not documented in the record). Where the failure of the ALJ to fulfill his heightened duty combined with a lack of representation prejudices a claimant or causes the hearing to be marked by unfairness, remand is necessary. Dobrowolsky, 606 F.2d at 407-09; Gauthney v. Shalala, 890 F. Supp. 401, 410 (E.D. Pa. 1995) (citing Livingston v. Califano, 614 F.2d 342, 345 (3d Cir. 1980)). Since there are no prescribed procedures that an ALJ must follow, determining if the ALJ has complied with his obligation to take a "heightened level of care" in developing the record must be decided on a case by case basis. Reefer, 326 F.3d at 379-380.

    In determining that Rivera's depression was not a medically determinable impairment and was not severe, the ALJ stated that there was "no evidence" that Rivera was currently undergoing any mental health treatment, and, as a result of Rivera' lack of treatment, the ALJ concluded that there was "no basis to conclude that she has any work-preclusive limitations caused by her depression." (Tr. 22 ¶¶ 2-3). The court notes that Rivera testified that she had seen her counselor the day before the hearing on February 14, 2006, and that the psychiatric evaluation from April 11, 2005 and the September 26, 2005 intake summary, both of which were considered by the ALJ, referred to an intake assessment on March 18, 2005. (Tr. 171; 173; 265). Despite these references in the record, the ALJ did not locate, and, as a result, did not consider the medical records that demonstrated Rivera sought treatment for her mental health on March 18, 2005, April 4, 2005, May 20, 2005, September 26, 2005, November 4, 2005, November 28, 2005, February 13, 2006, and March 3 and 6, 2006.[3] (Tr. 245-55). These records, that the ALJ did not consider, directly contradict the ALJ's finding that Rivera was not currently undergoing mental health treatment. Additionally, these medical records reinforce the findings of George Adams, M.D. ("Dr. Adams"), that the ALJ rejected, by finding that Rivera had a GAF of 40, a "clouded and confused" consciousness, "distractible" concentration, "pressured, fast, incoherent at times, and hesitant" speech, impaired short and long term memory, and noting that Rivera was "let go because of her forgetfulness and headaches." (Tr. 249; 255). Although the assessed GAF of 40 was at the least signed by a physician, the court observes that the rest of the quoted findings are from

---

[3]These records were submitted to the Appeals Council and brought to the attention of the court by Rivera's counsel in plaintiff's brief. The ALJ's decision on March 8, 2006, was subsequent to the dates all of the treatment reflected in these records.

"other sources," since they appear to have been written by an adult intake staff member. (Tr. 249; 254-55). However, the court notes that evidence from "other sources" may be used to demonstrate the severity of impairments and how impairments affect a person's ability to work. 20 C.F.R. §§ 404.1513(d); 416.913(d).

A medically determinable impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1508; 416.908. The ALJ noted that the psychiatric RFC completed by the state agency stated Rivera had no medically determinable impairment.[4] (Tr. 147). This RFC was completed on February 16, 2005, before Rivera first sought treatment for her depression on March 18, 2005. (Id.; 249-55). On April 11, 2005, Dr. Adams diagnosed Rivera with adjustment disorder with depressed mood and dementia due to surgical treatment of meningioma. (Tr. 173-74). The court notes that there is no medical evidence in the record contradicting Dr. Adams' diagnosis from any doctor who did a mental health evaluation on Rivera or reviewed records of Rivera's mental health evaluations or treatment. The ALJ dismissed Dr. Adams' diagnoses because the ALJ found Dr. Adams' psychiatric evaluation "did not contain a comprehensive neuropsychological assessment." (Tr. 22 ¶ 3). 20 C.F.R. §§ 404.1512(e)(1) provides, "[w]e will seek additional evidence or clarification from your medical source when the report from your medical source . . . does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." Thus, the ALJ should have recontacted Dr. Adams for an explanation of how he arrived at his diagnoses, instead of rejected them outright without the support of contrary medical evidence.

"An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have 'no more than a minimal effect on an individual's ability to work.'" Newell v. Comm'r, 347 F.3d 541, 546-547 (3d Cir. 2003) (quoting SSR 85-28). The step two determination is a *de minimus* screening device under which any doubt should resolved in favor of the claimant. Id.; McCrea v. Comm'r., 370 F.3d 357, 361 (3d Cir. 2004). A GAF of 40 denotes "some impairment in reality testing or communication (e.g., speech is at times illogical, obscure or irrelevant) or major impairment in several areas, such as work or school, family relations, judgment, thinking or mood (e.g., depressed man avoids friends, neglects family, is unable to work)." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, at 34 (4th ed. 2000). Since the records not considered by the ALJ demonstrate that Rivera was undergoing mental health treatment and support Dr. Adams' finding that Rivera's mental health impairment does result in serious limitations, I conclude that there is a strong likelihood that the ALJ would have made a different determination at step two with regard to Rivera's mental impairment if he had considered Rivera's record of mental health treatment. I conclude that the ALJ's failure to fulfill his heighten duty of care combined with Rivera's lack of representation by counsel clearly prejudiced her, and so, the case should be remanded so that the ALJ can consider the additional evidence.

      B.      The above analysis demonstrates that the ALJ did not consider all of the medical evidence that should have been in the record before him, and thus, the court will not make rulings on Rivera's remaining arguments regarding the ALJ failing to adequately assess Rivera's residual impairment from her brain surgery, inadequately assessing Rivera's depression, failing to explain his credibility finding, and improperly finding Rivera could perform her past relevant work. The ALJ is

---

[4] The RFC does not reflect what records were reviewed to come to this conclusion and is only signed by the disability claims adjustor, however, a doctor's name is stamped on the top of the first page. (Tr. 147-60).

respectfully directed to reevaluate those issues once he has fully examined the record in accordance with the proper procedures and legal standards.

      5.      Therefore, this case must be remanded in order for the ALJ to supplement his decision in a manner consistent with this opinion.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA RIVERA | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  06-4894 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**ORDER**

AND NOW, this 22ⁿᵈ day of August, 2007, upon consideration of the brief in support of review filed by plaintiff and response and reply thereto (Doc. Nos. 8; 9; 11) and having found after careful and independent consideration of the record that the Commissioner did not apply the correct legal standards and that the record does not contain substantial evidence to support the ALJ's findings of fact and conclusions of law, it is concluded that the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).  Therefore, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF, REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and the relief sought by Plaintiff is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.

S/Lowell A. Reed, Jr.
LOWELL A. REED, JR., Sr. J.